JACOB CLARK, ESQ.
Nevada State Bar No. 15196
**GORDON REES SCULLY MANSUKHANI, LLP**
300 South 4th Street, Suite 1550
Las Vegas, Nevada 89101
Telephone: (702) 577-9300
Direct Line: (702) 577-9344
Facsimile: (702) 255-2858
Email: jclark@grsm.com

*Attorneys for Defendants,*
*MCCARTHY, BURGES & WOLFF, INC. &*
*CROWN ASSET MANAGEMENT, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Thomas Bodovinac, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>McCarthy, Burgess & Wolff, Inc., Crown Asset Management, LLC and John Does 1-25,<br><br>Defendant(s). | Case No. 2:20-cv-02211-JAD-EJY<br><br>**DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT WITH MEMORANDUM OF LAW IN SUPPORT** |

COMES NOW, Defendants McCARTHY, BURGESS & WOLFF, INC. ("MB&W") and CROWN ASSET MANAGEMENT, LLC ("CAM") (together, "Defendants"), by and through the undersigned counsel, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), to respectfully request that this Court dismiss Plaintiff's Class Action Complaint with prejudice. In support thereof, Defendants state as follows:

## INTRODUCTION

On December 8, 2020, Plaintiff Thomas Bodovinac ("Plaintiff") filed a Class Action Complaint against Defendants alleging violations of the Fair Debt Collection Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") on behalf of himself and a putative class of individuals with addresses

-1-

in the State of Nevada. ECF No. 1 at ¶¶ 5, 14. Plaintiff alleges that an obligation (the "Debt") was incurred to Comenity Bank-Pier 1 Imports ("Comenity"), which Comenity sold to CAM. *Id.* at ¶¶ 23-27. CAM placed the Debt with MB&W, which sent Plaintiff a letter (the "Letter") seeking to collect the Debt. *Id.* at ¶¶ 27-28 & Ex. A.[1] The Letter advised that, depending on Plaintiff's location and/or the original creditor, a service fee could be charged on payments made over the phone or via credit card. *Id.* at ¶¶ 27-30 & Ex. A.

Plaintiff alleges that this statement constitutes a false or misleading representation in violation of 15 U.S.C. §§ 1692e, e(2) & e(10), as well as an unfair or unconscionable means to collect a debt, violating 15 U.S.C. § 1692f and an attempt to collect an amount not permitted, violating 15 U.S.C. § 1692f(2). ECF No. 1 at ¶¶ 38-41, 43-46. Plaintiff's claims fail because Plaintiff asserts no concrete harm or imminent risk of injury and thus lacks Article III standing. Even if Plaintiff did have standing, his claims would still fail as a matter of law because: (1) the potential imposition of fees was limited to those circumstances where the assessment would be lawful; (2) Plaintiff fails to allege facts sufficient to establish that he is a "consumer" who owes a "debt" as defined by the FDCPA and, as to CAM, (3) Plaintiff fails to assert facts sufficient to establish either a claim or vicarious liability against CAM. Therefore, Defendants respectfully request that this action be dismissed with prejudice.

## **FACTS**

As drawn from the Complaint, Plaintiff is a resident of Nevada. *Id.* at ¶ 7. Defendants MB&W and CAM are debt collectors as defined under the FDCPA. *Id.* at ¶¶ 8-11. Sometime prior to September 22, 2020, some person or entity incurred the Debt with creditor Comenity for personal, family or household purposes. *Id.* at ¶ 23-24. Comenity sold the Debt to CAM, which contracted with MB&W for its collection. *Id.* at ¶¶ 25, 27.

On September 22, 2020, MB&W sent Plaintiff the Letter, seeking to collect the Debt. *Id.* at ¶ 28, Ex. A. The Letter identified the original creditor as Comenity, the current creditor as CAM and informed Plaintiff that the balance due was $591.39. *Id.* at ¶¶ 28-29 & Ex. A. Further,

---

[1] Defendants do not challenge the accuracy of the redacted copy of the Letter attached to Plaintiff's Complaint (Ex. A to ECF No. 1).

the Letter provided:

> Dependent on your location and/or the original creditor, be advised that a service fee can be charged on payments over the phone and credit card transactions.

*Id.* at ¶ 30 & Ex. A.

Plaintiff contends that such a charge was not authorized by the agreement creating the debt or permitted by law such that it constituted an attempt to collect an amount not owed. *Id.* at ¶32. He further contends that because the Letter included false information as to the amount due, he suffered an "informational injury." *Id.* at ¶ 34. Plaintiff asserts that he was damaged as a result of Defendants' deceptive, misleading and unfair debt collection practices. *Id.* at ¶ 36.

Plaintiff attempts to assert claims under 15 U.S.C. §§ 1692e(2), e(10) & 1692f and f(1). *Id.* at ¶¶ 38-46. Specifically, Plaintiff asserts that the Letter violates § 1692e(2) because it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Id.* at ¶ 40. Further, Plaintiff claims the Letter violates § 1692e(10) by making a false and misleading representation. *Id.* As to §§ 1692f & f(1), Plaintiff alleges that the Letter unfairly states that Plaintiff owes more than the amount of his debt and that "Defendant" attempted to collect an amount not expressly authorized by the underlying agreement or permitted by law. *Id.* at ¶ 45.[2] The only harm Plaintiff alleges is that he was "damaged" due to "Defendants' deceptive, misleading and unfair debt collection practices." *Id.* at ¶ 36. Plaintiff does not allege that he attempted to make payment via credit card, that he was assessed a service fee, that he wished to make payment via credit card but was prevented from doing so by the service fee or that he ever gave any thought to paying the Debt. *See generally, id.* at ¶¶ 23-36.

## LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

A court may dismiss a complaint pursuant to Rule 12(b)(1) for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Challenges to jurisdiction under Rule 12(b)(1) may be either factual or facial. *Martinez v. Integrated Capital Recovery, LLC*, No. 20-cv-00582-AWI-

---

[2] Plaintiff generally does not allege that a particular defendant engaged in alleged violations and switches between "Defendants" plural (*id.* at ¶¶ 36 & 38) and "Defendant" singular (¶¶ 40-41, 43, 45-46). Plaintiff does allege that MB&W sent the Letter (*id.* at ¶ 28); Plaintiff makes no allegation, however, that CAM exercised control over the conduct of MB&W.

-3-

SAB, 2021 WL 124523, at *2 (E.D. Cal. Jan. 13, 2021) (citations omitted). "A factual challenge relies on affidavits or any other evidence properly before the court to contest the truth of the complaint's allegations." *Id.* (citations omitted). Conversely, a facial attack "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* (quoting *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016) (internal quotation marks omitted)). When addressing a facial attack, all factual allegations in the complaint are taken as true. *Id.* (citing *Lacano Invs., LLC v. Balash*, 765 F.3d 1068, 1071 (9th Cir. 2014)). This motion presents a facial attack.

Plaintiff, as the party invoking federal jurisdiction, "'bears the burden of establishing the elements of Article III jurisdiction,' including standing." *Davis v. Mandarich Law Grp.*, 790 F. App'x 877 (9th Cir. 2020) (quoting *Patel v. Facebook, Inc.*, 932 F.3d 1264, 1270 (9th Cir. 2019)). To demonstrate Article III standing, a plaintiff must show "an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Id.* (citing *Patel*, 932 F.3d at 1270)). Thus, for purposes of Article III, "it is not enough for a plaintiff to allege that a defendant has violated a right created by a statute; we must still ascertain whether the plaintiff suffered a concrete injury-in-fact due to the violation." *Id.* (quoting *Patel*, 932 F.3d at 1270)).

Courts in the Ninth Circuit engage in a two-step inquiry to determine whether a statutory violation gives rise to a concrete injury sufficient to satisfy Article III. *Adams v. Skagit Bonded Collectors, LLC*, No. 20-35158, 2020 WL 7055395, at *1 (9th Cir. Dec. 2, 2020) (citing *Patel*, 932 F.3d at 1270)). "We ask (1) whether the statutory provisions at issue were established to protect the plaintiff's concrete interests (as opposed to purely procedural rights), and if so, (2) whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests." *Id.* (quoting *Patel*, 932 F.3d at 1270-71) (internal quotation marks omitted)).

### B.  Federal Rule of Civil Procedure 12(b)(6)

Under Rule 12(b)(6), a court must dismiss a cause of action that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When weighing a motion to dismiss

for failure to state a claim, dismissal is proper only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds upon which it rests. *Bertsch v. Discover Fin. Servs.*, No. 2:18-cv-00290-GMN-EJY, 2020 WL 1170212, at *2 (citing *Bell Atl. V. Twombly*, 550 U.S. 544, 555 (2007)). When considering if a complaint states a claim, a court will take all material allegations to be true and construe them in the light most favorable to the plaintiff. *Id.*

A court need not accept as true conclusory allegations, unwarranted deductions of fact or unreasonable inferences. *Id.* (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). Thus, a "formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Should a court grant a motion to dismiss, it must decide whether to grant leave to amend. Leave to amend should generally be granted freely, however, it will be denied when the deficiencies of the complaint cannot be cured by amendment. *Id.* (citing Fed. R. Civ. P. 15(a); *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

### C. Fair Debt Collection Practices Act

Courts in this circuit assessing whether an initial communication violates the FDCPA evaluate whether it would be "likely to deceive or mislead a hypothetical 'least sophisticated debtor.'" *Christy v. Designed Receivable Solutions, Inc.*, No. 2:17-cv-00845-APG-VCF, 2018 WL 4008982, at *2 (D. Nev. Aug. 21, 2018) (quoting *Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996)). The least sophisticated debtor standard "is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Terran v. Kaplan*, 109 F.3d 1428, 1431-32 (9th Cir. 1997) (citation and internal quotation marks omitted). The standard "preserves a quotient of reasonableness and presumes a basic level of understanding and willingness to read with care." *Gonzales v. Arrow Fin. Servs., Inc.*, 660 F.3d 1055, 1062 (9th Cir. 2011) (quoting *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (internal punctuation omitted)). Thus, the "FDCPA does not subject debt collectors to liability for 'bizarre,' 'idiosyncratic,' or 'peculiar' misinterpretations." *Id.*

# ARGUMENT

## I. PLAINTIFF LACKS ARTICLE III STANDING

Plaintiff has suffered no injury in fact and therefore lacks Article III standing to bring this action. The Constitution limits the jurisdiction of federal courts to the adjudication of "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1; *Spokeo, Inc. v. Robins (Spokeo II)*, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480, 489 (9th Cir. 2019) (quoting *Spokeo II*, 136 S. Ct. at 1547) (quotation marks omitted)). The "irreducible constitutional minimum" of standing requires that the plaintiff has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (quoting *Spokeo II*, 136 S. Ct. at 1547) (internal quotation marks omitted)).

A intangible statutory violation, such as that asserted here, may constitute an injury in fact. *Id.* To determine whether it does, "it is instructive to consider whether an alleged intangible harm has a close relationship to a harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." *Id.* (citing *Spokeo II*, 136 S. Ct. at 1549). Further, the judgment of Congress is also instructive, as "the injury required by Art. III may exist solely by virtue of statutes creating legal rights," such as the FDCPA, "the invasion of which creates standing." *Id.* (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 578 (1992)).

"To identify the interests protected by the FDCPA," courts will "examine historical practice and the legislative judgment underlying the provisions at issue." *Adams v. Skagit Bonded Collectors, LLC*, No. 20-35158, 2020 WL 7055395, at *1 (9th Cir. Dec. 2, 2020) (quoting *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1117 (9th Cir. 2020) (internal quotation marks omitted)). Here, as in *Adams*, the closest common-law analogue to Plaintiff's claims is fraud. *See id.* (FDCPA case addressing claims under 15 U.S.C. §§ 1692g(a)(2) & 1692e for alleged failure to clearly identify the plaintiff's creditor). Common law "actions for fraud— including fraudulent concealment and nondisclosure—required proof of reliance and resulting

pecuniary loss." *Id.* Likewise, "congressional judgment suggests a concern with 'genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response' to a debt collector's communication." *Id.* (quoting *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010)).

The alleged misrepresentation at issue here is in the nature of a procedural obligation as opposed to one implicating a substantive right. The Ninth Circuit has recognized that "'not every misleading statement in a debt collection letter necessarily threatens the recipient's concrete interests.'" Although the "FDCPA protects a consumer's right to 'understand, make informed decision about, and participate fully and meaningfully in the debt collection process,'" (*id.* at *1 n.2) (quoting *Clark v. Cap. Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006)), and those rights "'necessarily involve the dissemination of information, they are not thereby *tantamount* to a right to information per se.'" *Id.* (quoting *Wilderness Soc'y, Inc. v. Rey*, 622 F.3d 1251, 1259 (9th Cir. 2010)). Therefore, the *Adams* court declined to extend the doctrine of information injury to the violations alleged (failure to clearly identify the current creditor), thus rejecting the plaintiff's argument that he had suffered an informational injury that should be treated as substantive. *Id.* The same analysis applies here—the requirements that the disclosure of the potential addition of service fees be clear and such fees be lawful are designed to protect the Plaintiff's procedural rights as opposed to substantive rights and should be treated as such. *See id.* at *1 & *1 n.2.[3]

As Plaintiff's alleged violation implicates the FDCPA's procedural obligations for debt collectors, the next step in the Ninth Circuit's analysis is to determine whether the violations alleged "actually harm, or present a material risk of harm to" interests protected by the FDCPA.

---

[3] The Seventh Circuit has "held that the distinction between procedural and substantive statutes has no effect on the standing analysis: 'An FDCPA plaintiff must allege a concrete injury regardless of whether the alleged statutory violation is characterized as procedural or substantive.'" *Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060, 1066 (7th Cir. 2020) (citing *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1621 (2020)). Applying this logic, the 7th Circuit held that an FDCPA plaintiff alleging violations of 15 U.S.C. §§ 1692e & 1692f, for overstating the amount of her debt in a collection letter, lacked standing where the plaintiff failed to allege suffering an injury therefrom. *Nettles v. Midland Funding LLC*, 983 F.3d 896, 899-900 (7th Cir. 2020). Defendants concur with this holding.

*Id.* at *1. Such an injury is "first and foremost of standing's three elements." *Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480, 489 (9th Cir. 2019) (quoting *Spokeo II*, 136 S. Ct. at 1547). As noted above, Plaintiff must allege an "invasion of a legally protected interest" that is "concrete and particularized and actual and imminent," as opposed to "conjectural or hypothetical." *Id.* (quoting *Spokeo II*, 136 S. Ct. at 1548) (internal quotation marks omitted)). To be particularized, the injury must "affect the plaintiff in a personal and individual way." *Id.* (quoting *Spokeo II*, 136 S. Ct. at 1548) (internal quotation marks omitted)). "Statements that induce no reliance do not impede a consumer's ability to intelligently respond to a debt collector." *Adams*, 2020 WL 7055395, at *1. Here, Plaintiff does not so much as hint that he relied on the statement he challenges.

Plaintiff alleges that the statement "Dependent on your location and/or the original creditor, be advised that a service fee can be charged on payments over the phone and credit card transactions" is open to more than one interpretation, one of which is inaccurate; is false and misleading; falsely represents that Plaintiff owed more than the amount of his debt and as constituted an attempt to collect an amount not authorized by the underlying agreement or permitted by law. ECF No. 1 at ¶¶ 40, 45. Plaintiff fails to allege, however, that the sentence frustrated his ability to intelligently chose his response to the Letter. Further, Plaintiff makes no allegation that he relied on the statement and, as a result, suffered a pecuniary loss. In fact, Plaintiff makes no allegations about how the statement affected him other than to claim that "[a]s a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged." *Id.* at ¶ 36.

Having alleged no actual harm or a material risk of harm to interests protected by the FDCPA, or that the statement caused him to act or not act in any fashion, Plaintiff has not alleged any harm to his concrete interests. *See Adams*, 2020 WL 7055395, at *2 (finding no actual harm where the plaintiff did not allege that he took or forewent any action due to the allegedly misleading statements in collection letter). Further, Plaintiff's claims do not suggest he suffered a material risk of harm to his interests. *See id.* (finding that risks a hypothetical consumer may face do not support an inference that the plaintiff himself was at such risk).

Plaintiff does not allege that he paid the Debt and an unlawful fee, that he would have paid the Debt but for the potential of incurring a fee, or that the existence of the potential fee otherwise impeded his ability to intelligently respond to MB&W. Having failed to allege any detrimental reliance or risk thereof, Plaintiff lacks Article III standing such that this action must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

## II.   EVEN IF PLAINTIFF COULD SATISFY THE STANDING REQUIREMENT, HIS CLAIMS FAIL AS A MATTER OF LAW

Even if Plaintiff could establish standing, his claims would still fail as a matter of law for three reasons: (1) a service fee would only be added if the assessment was lawful; (2) Plaintiff fails to allege facts sufficient to show that he is a "consumer" and that the Debt is a "debt" as defined by the FDCPA; and (3) as to CAM, Plaintiff fails to allege direct violation of the FDCPA or facts sufficient to support a claim that CAM is vicariously liable for the acts of MB&W.

### A.   Notice that Lawful Fees may be Assessed Does Not Violate the FDCPA

The FDCPA permits the addition of service fees if permitted by contract or applicable law. 15 U.S.C. § 1692f(1); *Martinez v. Integrated Capital Recovery, LLC*, No. 20-cv-00582-AWI-SAB, 2021 WL 124523, at *4 (E.D. Cal. Jan. 13, 2021). It prohibits the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). "'Where parties have not expressed agreed on charges to be collected with respect to a debt, state law determines whether additional charges are permitted.'" *Martinez*, 2021 WL 124523, at *4 (quoting *Riding v. Cash LLC*, 992 F. Supp.2d 987, 997-98 (C.D. Cal. 2014)). Plaintiff's claims are based entirely on one statement: "Dependent on your location and/or the original creditor, be advised that a service fee can be charged on payments over the phone and credit card transactions." ECF No. 1 at ¶ 30. The statement at issue, like that assessed in *Martinez*, does not describe conduct that is barred by the FDCPA and thus does not

violate the FDCPA itself.[4] *Martinez*, 2021 WL 124523, at *4.

The statement at issue here complies with the FDCPA. In fact, it "essentially places the same conditions and limitations on the collection of service fees that the FDCPA places on debt collection in general." *Id.* Plaintiff makes no credible allegation that Defendants attempted to impose, threatened to impose or did impose an unlawful fee upon him. Thus, as was the case in *Martinez*, the least sophisticated consumer "would see this as accurate information useful in selecting a mode of payment, not a threat to impose unlawful fees or a false statement as to" the Defendants' power with respect to debt collection. *Martinez*, 2021 WL 124523, at *5 (citing *Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 110 (9th Cir. 1996)). As the Letter neither threatens unlawful conduct nor could be found unclear by even the least sophisticated debtor, Plaintiff has failed to assert a claim upon which relief may be granted. *See id.*

### B. Plaintiff Fails to Plead Facts Sufficient for the Court to Infer that Defendants are Liable for the Conduct Alleged

The Complaint omits certain essential factual representations necessary to give rise to a claim under the FDCPA. "To state a claim under the FDCPA, a plaintiff must allege: (1) that she is a consumer within the meaning of 15 U.S.C. §§ 1692a(3) and 1692c(d); (2) that the debt arises out of a transaction entered into for personal reasons; (3) that the defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6); and (4) that the defendant violated one of the provisions of the FDCPA, 15 U.S.C. §§ 1692a-1692o." *Calove v. Nationstar Mortg., LLC*, No. 2:14-cv-01329-JAD-NJK, 2015 WL 4508751, at *4 (D. Nev. July 24, 2015). Plaintiff fails to plead factual content to allow the Court to reasonably conclude that either Defendant violated the FDCPA.

Plaintiff does not allege sufficient facts to suggest that he is a "consumer" or that the Debt is a "debt" as the terms are defined under the FDCPA. The term "consumer" means "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). "Debt," in turn, is defined as "any obligation or alleged obligation of a consumer to pay money arising

---

[4] At issue in *Martinez* was the following statement: "A service fee of $9.95 may be charged for payments if paying by Credit/Debit card depending on consumer's location and applicable contractual documents." *Martinez*, 2021 WL 124523, at *1.

-10-

out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. §1692a(5).

Looking to the factual assertions regarding Plaintiff as a consumer, Plaintiff alleges that he "is a resident of the State of Nevada, County of Clark, with an address" in Las Vegas, Nevada. ECF No. 1 at ¶ 7. Plaintiff does not allege that he is a natural person who is obligated or allegedly obligated to pay any debt—rather, he alleges that "[s]ome time prior to September 22, 2020, an obligation was allegedly incurred to creditor Comenity Bank – Pier 1 Imports." *Id.* at ¶ 23. These few factual representations are insufficient to give rise to a right to relief above a speculative level such that Plaintiff fails to state a claim.

As to the allegations regarding the Debt, these also fall short. "Whether the undisputed facts alleged in the complaint establish the existence of [a] debt within the meaning of § 1692a(5) is a question of law. This determination requires us to examine the alleged 'transaction' and determine whether it is covered by the FDCPA." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Although the Court must accept all material factual allegations as true, it "is not required to accept as true allegations that are merely proposed conclusions of law, unwarranted deductions of fact, or unreasonable inferences." *Garcia-Pena v. MTC Fin., Inc.*, No. 3:17-cv-00319-RCJ-WCG, 2017 WL 4532194, at *3 (D. Nev. Oct. 10, 2017). Plaintiff asserts that an obligation was allegedly incurred to Comenity and that the obligation "arose out of transactions incurred primarily for personal, family or household purposes." *Id.* at ¶¶ 23-24. Further, Plaintiff concludes that the alleged obligation "is a 'debt' as defined by 15 U.S.C. § 1692a(5)," Comenity is a "creditor" as defined by 15 U.S.C. § 1692a(4) and that Comenity "sold the alleged debt to Defendant CAM who contracted with Defendant MB&W to collect the alleged debt." *Id.* at ¶¶ 25-27. Plaintiff's parroting of the statute's definition of the term "debt" constitutes a conclusion of law that is insufficient for the Court to reasonably infer that the obligation is a "debt" as defined by the FDCPA. Having failed to assert facts sufficient to infer that Plaintiff is a "consumer" or that the Debt is a "debt," Plaintiff has failed to state a claim.

### C. Plaintiff Fails to Allege Facts Sufficient to Establish Liability as to CAM

Despite the fact that Plaintiff seeks to hold CAM liable for alleged violations of the FDCPA, Plaintiff fails to assert supporting facts or a theory of liability under which CAM could be found liable. Presumably, since Plaintiff alleges that CAM violated the FDCPA (*see* ECF No. 1 at ¶¶ 38-46, variously alleging that "Defendant" or "Defendants" violated the FDCPA), but does not allege that CAM either drafted or sent the Letter at issue, he seeks to hold CAM vicariously liable for the acts or omissions of MB&W. The Ninth Circuit holds that "general principles of agency … form the basis of vicarious liability under the FDCPA" such that "to be liable for the actions of another, the 'principal' must exercise control over the conduct or activities of the 'agent.'" *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173 (9th Cir. 2006) (citing *Restatement (Second) of Agency* § 1 (1958)). Plaintiff's allegations fall short of this measure.

Plaintiff's factual allegations regarding CAM's conduct as to the obligation that some unnamed person or entity incurred with Comenity are: "Comenity Bank – Pier I Imports debt [sic] purportedly sold the alleged debt to Defendant CAM who contracted with the Defendant MB&W to collect the alleged debt." ECF No. 1 at ¶ 27. Plaintiff does not allege that he incurred the Debt, that CAM participated directly in efforts to collect the Debt or that CAM exercised control over the conduct of MB&W. In light of these failings, the allegations are insufficient to state a claim against CAM either directly or vicariously.

### III. THE ACTION SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND

Plaintiff's Complaint should be dismissed with prejudice. Although generally leave to amend should be freely granted, a complaint "should be dismissed without leave to amend … when 'it is clear … that the complaint could not be saved by amendment.'" *Flonnes v. Property & Cas. Inc. Co. of Hartford,* No. 2:12-cv-01065-APG-CWH, 2013 WL 3109381, at *2 (D. Nev. June 17, 2013) (quoting *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998)). Plaintiff has failed to assert that he relied on the representations at issue or that he suffered any concrete injury from doing so, such that he lacks standing. It is unlikely that Plaintiff can add to his allegations of reliance or injury sufficient to establish standing, having failed to attempt to do

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

so in his first Complaint. Further, the statement regarding the potential addition of a service fee for certain types of payment transactions accurately sets forth the state of the law under the FDCPA, and therefore cannot give rise to a claim thereunder. For these reasons, the Complaint could not be saved by amendment such that dismissal without leave to amend is proper.

## CONCLUSION

Plaintiff asserts no reliance or concrete injury such that he lacks standing to bring the present complaint. Even if this were not so, the challenged language comports with the law. Further, Plaintiff has failed to allege sufficient facts to prove liability on the part of MB&W or CAM or even vicarious liability against CAM. In light of this, Defendants respectfully request that this Honorable Court dismiss Plaintiff's Complaint with prejudice and award such other and further relief as the Court deems just and equitable.

DATED this 1st day of March 2021.

**GORDON REES SCULLY MANSUKHANI LLP**

*/s/ Jacob Clark*
JACOB CLARK
Nevada State Bar No. 15196
300 South 4th Street, Suite 1550
Las Vegas, Nevada 89101
*Attorneys for Defendants,*
*MCCARTHY, BURGESS & WOLFF, INC. &*
*CROWN ASSET MANAGEMENT, LLC*

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I certify that I am an associate with Gordon Rees Scully Mansukhani, LLP and that on this 1st day of March 2021, I caused the above and foregoing document entitled **DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT WITH MEMORANDUM OF LAW IN SUPPORT** to be served by:

\_\_\_\_ by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Phoenix, Arizona; and/or

\_\_\_\_ to be served via facsimile; and/or

__X__ through CM/ECF and the court's electronic filing system; and/or

\_\_\_\_ to be hand-delivered;

To the attorneys/parties listed below at the address and/or facsimile number indicated below:

Robert M. Tzall, Esq.
**THE LAW OFFICES OF ROBERT M. TZALL**
2551 N. Green Valley Parkway
Building C, Suite 303
Henderson, NV  89014
robert@tzalllegal.com
*Attorneys for Plaintiff*

                                       */s/ Andrea Montero*
                                       An Employee of GORDON REES SCULLY MANSUKHANI, LLP