# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Thomas Bodovinac, individually and on behalf of all others similarly situated,

Plaintiff

v.

McCarthy, Burgess & Wolff, Inc., et al.,

Defendants

Case No.: 2:20-cv-02211-JAD-EJY

**Order Denying Motion to Dismiss and Granting Motion for Leave to Supplement**

[ECF Nos. 9, 20]

On his own behalf and on behalf of a proposed class of similarly situated Nevada residents, Thomas Bodovinac brings this action alleging that debt-collectors McCarthy, Burgess & Wolff, Inc. (MBW) and Crown Asset Management, LLC (CAM) made false, deceptive, or misleading representations in violation of the federal Fair Debt Collection Practices Act (FDCPA).[1] The defendants move to dismiss the complaint for failure to state a claim and for want of subject-matter jurisdiction because Bodovinac lacks Article III standing.[2] Separately, they move for leave to file supplemental authority—a Supreme Court case decided after the motion to dismiss was fully briefed—in support of their motion to dismiss.[3] I find that Bodovinac has not alleged a concrete or imminent injury-in-fact, so I grant the defendants' motion to dismiss without prejudice and without leave to amend. And I grant the motion for leave to supplement because Bodovinac failed to oppose it.[4]

---

[1] ECF No. 1.
[2] ECF No. 9.
[3] ECF No. 20.
[4] This district's local rules state that "[t]he failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." LR 7-2(d).

**Discussion**

**I.     Standing standard**

Federal Rule of Civil Procedure (FRCP) 12(b)(1) authorizes federal courts to dismiss a complaint for want of subject-matter jurisdiction.[5]  An FRCP 12(b)(1) challenge may be either factual (contesting the truth of the complaint's allegations) or facial (contesting the sufficiency of the complaint's allegations to invoke federal jurisdiction).[6]  In resolving a facial attack, the court takes all well-pled facts in the complaint as true.[7]

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute."[8]  The party asserting federal jurisdiction has the burden of establishing all its requirements, including Article III standing.[9]  The "irreducible constitutional minimum" of Article III standing requires that the plaintiff show (i) "an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief."[10]

"[U]nder Article III, an injury in law is not an injury in fact.  Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court."[11]  Though "[a] concrete injury need not be tangible," and

---

[5] Fed. R. Civ. P. 12(b)(1)

[6] *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

[7] *Safe Air*, 373 F.3d at 1039.

[8] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (cleaned up).

[9] *Id.*; *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004), *abrogated in part on other grounds in Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127 (2014).

[10] *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (cleaned up); *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021).

[11] *TransUnion*, 141 S. Ct. at 2205.

Congress's views in its enactments may be "instructive," a "plaintiff does not necessarily meet the concrete[-]injury requirement 'whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'"[12] That requirement is only met if the plaintiff "identifie[s] a close historical or common-law analogue for the[] asserted injury," in addition to that alleged statutory violation.[13] While Congress may elevate a real-world harm to legally actionable status, it "may not simply enact an injury into existence, using its lawmaking power to transform something that is not remotely harmful into something that is."[14]

      A plaintiff has to "demonstrate standing separately for each form of relief sought."[15] A sufficient likelihood of substantial future material harm may satisfy the concreteness requirement when a plaintiff seeks prospective injunctive relief.[16] But the same is not necessarily true for suits seeking retrospective compensation.[17] The risk of future harm must materialize to "constitute a basis for the person's injury and damages."[18] If it "does *not* materialize, then the individual cannot establish a concrete harm sufficient for standing."[19] At the very least, the material harm must be nonspeculative and imminent.[20]

---

[12] *Patel v. Facebook, Inc.*, 932 F.3d 1264, 1270 (9th Cir. 2019) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016), as revised (May 24, 2016)); *TransUnion*, 141 S. Ct. at 2204 (cleaned up).

[13] *TransUnion*, 141 S. Ct. at 2204 (cleaned up).

[14] *Id.* at 2205.

[15] *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000).

[16] *TransUnion*, 141 S. Ct. at 2210 (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 n.5 (2013)).

[17] *Id.*

[18] *Id.* at 2210–12.

[19] *Id.*

[20] *Id.* at 2211–12.

## II. Bodovinac has not established a concrete or imminent injury-in-fact.

Bodovinac's FDCPA claim for damages rests on a single line in a letter sent to him by MBW: "Dependent on your location and/or the original creditor, be advised that a service fee can be charged on payments over the phone and credit card transactions."[21] He claims that, under the FDCPA, this communication was an unlawful attempt to charge a fee on a debt and thereby increase the amount he owed.[22] But whatever risk of harm Bodovinac inferred from this line has never materialized. MBW and CAW never informed Bodovinac that he *was* being charged a service fee or owed more money than the original debt. All the defendants related was that, depending on the law and the underlying creditor agreement, a fee *could* be charged under *certain* circumstances *if* specific methods of payment were used. Such an attenuated risk of potential harm is not concrete enough to meet the minimum requirements of constitutional standing. And even if the harm were concrete, the layered, couched language and absence of specifics indicate that Bodovinac's injury was far from imminent, if not entirely speculative. Thus, I find that Bodovinac has failed to establish Article III standing, so I grant defendants' motion to dismiss for want of subject-matter jurisdiction.

## III. Leave to amend

Although FRCP 15(a) advises that "leave [to amend] shall be freely given when justice so requires,"[23] the Supreme Court has recognized that "undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of amendment" are reason enough to deny such leave.[24] Bodovinac has not shown that he could plead facts that he hasn't already pled that

---

[21] ECF No. 1 at ¶ 30.

[22] *Id.* at ¶¶ 33, 40, 45.

[23] Fed. R. Civ. P. 15(a).

[24] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

could cure his lack of standing.  Amendment would thus be futile and significantly prejudicial to defendants, who cannot constitutionally be haled into federal court by Bodovinac sans standing.

## Conclusion

IT IS THEREFORE ORDERED that McCarthy, Burgess & Wolff, Inc. and Crown Asset Management, LLC's motions to dismiss **[ECF No. 9]** and for leave to file supplemental authority **[ECF No. 20] are GRANTED**.  This case is **DISMISSED without prejudice but without leave to amend** because amendment would be futile.  The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
January 18, 2022